ROBERT L. BLAND, Judge.
In this case the State Construction Company claims from the state of West Virginia the sum of $3008.90 on account of state tax paid on fuel oil and gasoline used in the operation of a Lorain 75 shovel and tractors in connection with a coal stripping operation in Harrison county, West Virginia. This gasoline and fuel oil was used over the period of time beginning in August, 1943, and extendng through June, 1944. The amount *86 of refund claimed to be due the claimant for each month is as follows:
August, 1943 _$ 83.75
September, 1943 _ 273.75
October, 1943 _ 247.50
Novemebr, 1943 _ 169.00
December, 1943 _ 286.75
January, 1944 _ 281.50
February, 1944 _ 353.00
March, 1944 __•— 355.00
April, 1944 _ 282.00
May, 1944 _ 381.50
June, 1944 _ 295.15
$3008.90
Separate applications covering the refund for each of the above listed months were filed in the office of the state tax commissioner on September 13, 1944. On September 15, 1944 each of said applications was rejected- by the state tax commissioner for the reason “gasoline was purchased more than 60 days prior to date of filing application and refund can not be legally granted.”
It is contended by claimant that failure to file the several applications for refund was occasioned by excusable inadvertence and that the state has been unjustly enriched to the extent of said sum of $3008.90 at the expense of said State Construction Company.
In the carefully considered case of Del Balso Construction Corporation v. State Tax Commissioner, 1 Court of Claims (W. Va.) 15, we held:
"An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as provided by general law, when it appears from the general law that it is the policy of the Legislature to deny payment of such refunds unless such application is filed as prescribed by the statute permitting refunds on gasoline used for certain specific purposes.”
*87 In the more recent cases of Joseph Harvey Long, Paul Walker Long, Jenny Eloise Long, and Hilda S. Long v. State Tax Commissioner, in which determinations were made at the present term of this court, we held:
‘‘The Court of Claims is without jurisdiction to extend the time fixed by statute to make application for refund of excess income tax paid. Such income taxpayer is obliged to avail himself of the remedy provided by law for relief.”
The time fixed by statute in which to make application for refunds is perhaps too short, but that is a matter for the Legislature to consider and determine.
We feel that the case under consideration is controlled by our holding in the above cited cases, and are. therefore, constrained to deny the award sought and dismiss the claim.